**GLD-434**                                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1924
_____

MICHAEL JOHN PISKANIN, JR.,

Appellant

v.

KENNETH CAMERON, AS SUPERINTENDENT SCI CRESSON; JAMES B.
MARTIN, AS DISTRICT ATTORNEY LEHIGH CO., PA; THOMAS W. CORBETT,
ESQ. AS ATTORNEY GENERAL OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-11-cv-04698)
District Judge:  Honorable Berle M. Schiller
_____

Submitted on Appellant's Request for a Certificate of Appealability
Under 28 U.S.C. § 2253(c)(1) and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 25, 2013

Before: FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: October 2, 2013)
_____

OPINION
_____

PER CURIAM

On July 18, 2011, Michael John Piskanin, Jr., filed a pro se habeas petition challenging his 2005 convictions by the Pennsylvania Court of Common Pleas for Lehigh County. The Magistrate Judge issued a Report and Recommendation ("R&R") denying the petition as untimely. Specifically, she concluded that Piskanin's judgment of sentence became final on June 29, 2006, and that Piskanin's pro se PCRA petition was filed on April 1, 2010. His PCRA petition was deemed untimely because it was not filed within one year of the date on which his judgment of sentence became final. See 42 Pa. Cons. Stat. Ann. § 9545(b)(1). The Magistrate Judge then concluded that, because Piskanin's PCRA petition was not properly filed, see 28 U.S.C. § 2244(d)(2), it did not toll AEDPA's one-year limitations period, and she therefore denied his § 2254 petition as untimely. The District Court adopted the R&R in its entirety. Piskanin seeks a certificate of appealability ("COA").

In reviewing Piskanin's application, we noted that his judgment of sentence became final on October 8, 2009, see Commonwealth v. Piskanin, No. 2072 EDA 2005, 986 A.2d 1262 (Pa. Super. Ct. Sept. 8, 2009), and that his petition for state post-conviction relief was filed on April 1, 2010, see Commonwealth v. Piskanin, No. 1577 EDA 2010, 37 A.3d 1233 (Pa. Super. Ct. Oct. 17, 2011), allocatur denied, 61 A.3d 191 (Pa. Feb. 5, 2013) (table). It appeared to us that, because his PCRA petition was properly filed within one year of the date on which his judgment of sentence became final, it tolled the statute of limitations for filing his federal habeas petition. See 28 U.S.C. § 2244(d)(2). We therefore ordered Appellees to show cause why a COA should not be

2

issued as to Piskanin's claim that the District Court erred in denying his petition for a writ of habeas corpus as untimely. We also ordered them to show cause why, if a COA is granted, the District Court's judgment should not be summarily vacated, and the matter remanded.

Appellees responded to the show cause order, conceded the timeliness of Piskanin's petition, and agreed that the case should be remanded to the District Court. They have not argued that this appeal should be resolved in any particular way. We now grant Piskanin's application for a COA, as jurists of reason would debate both the District Court's procedural ruling and whether the claims noted below state valid claims of the denial of a constitutional right, particularly in light of the fact that the District Court did not reach the merits of those claims.[1] See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999).

The result reached by the District Court was not due to carelessness on its part. Appellees represented that Piskanin's judgment of sentence became final on June 29, 2006. (Dkt. No. 25, p. 4.) Piskanin filed over twenty appeals in state court alone relating to his conviction and sentence, and the record is not entirely in order.[2] Even the panel of Superior Court judges that affirmed the denial of his PCRA petition, (No. 1577 EDA

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

[2] Appellees noted as much, stating that it had "boxes of paperwork associated with this case" due to Piskanin's "multitude of frivolous filings." (Dkt. No. 33, p. 6 n.2.)

2010), was unaware of the date upon which his judgment of sentence was affirmed, (No. 2072 EDA 2005).[3]

Because the record supports that Piskanin's petition was timely filed, and in light of Appellees' concession, we will vacate and remand this case to the District Court for consideration of any procedural or substantive issues other than the issue of the timeliness of Appellant's petition.  All pending motions are denied.[4]

---

[3] The state courts never addressed Piskanin's claims on the merits.  The Superior Court affirmed the PCRA court's dismissal of Piskanin's petition as untimely, because it, too, was under the mistaken impression that his judgment of sentence became final on June 29, 2006.

[4] Piskanin's numerous pending motions are merely vehicles through which he reiterates the same arguments in his request for a certificate of appealability, or else requests relief that is not available from this Court.